UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:04-cr-00082-HDM |
| | ) | 3:08-cv-00122-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HORATIO DEMARIOUS SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Horatio Demarious Smith has filed a motion to re-open his civil action, case number 3:08-cv-122-HDM, which concerned a 2255 motion to vacate his sentence for bank robbery in case number 3:04-cr-0082-HDM. (Docket #144.)  He brings this motion pursuant to Federal Rule of Civil Procedure 60(b)(1)(4).  The government has opposed the motion. (Docket #146.)  Defendant's reply was due December 27, 2010.[1]  No reply was filed.  For the following reasons defendant's motion to re-open is denied.

---

[1] On the docket, the reply date set was December 25, 2010, a holiday and Saturday. Thus, the due date is considered to be Monday, December 27, 2010.

1

1       On September 9, 2005, defendant was convicted of two counts of
2  bank robbery.  He was sentenced to 230 months imprisonment on
3  January 26, 2006.  Judgment was entered against him by this court
4  on January 30, 2006.  Defendant appealed and the court of appeals
5  affirmed his conviction on December 1, 2006.  Defendant was denied
6  a rehearing en banc on February 5, 2007.
7       On March 3, 2008, defendant filed a 2255 motion to vacate his
8  sentence. This court entered an order denying defendant's motion to
9  vacate on March 4, 2009.
10      On November 17, 2010, this court ordered, on defendant's
11 request, that the Clerk of Court send him copies of the docket
12 sheet and the order denying his motion to vacate sentence. (See
13 Docket # 141, 142.)
14      On December 13, 2010, over 20 months after this court denied
15 defendant's 2255 motion to vacate, defendant filed the instant
16 motion to re-open his civil action pursuant to Rule 60(b)(1).  It
17 appears that defendant wants the court to vacate and re-enter its
18 order denying his motion to vacate sentence so as to restart the
19 period of time within which he may file a notice of appeal.  This
20 court does not have the authority to do so.
21      District courts do not have the authority to circumvent the
22 statutory time limits for filing notices of appeal by vacating and
23 re-entering an order and judgment.  *Stephaine-Cardonia, LLC v.*
24 *Smith's Food & Drug Centers, Inc*., 476 F.3d. 701, 703 (9th Cir.
25 2007) ("[a] timely notice of appeal is a non-waivable
26 jurisdictional requirement").  Further, lack of notice of the entry
27 of judgment does not affect the time to "appeal or relieve – or
28 authorize the court to relieve – a party for failing to" file a

2

timely appeal. Fed. R. Civ. P. 77(d)(2).  Federal Rule of Appellate Procedure 4(a)(6) provides the "exclusive means for extending appeal time for failure to learn that judgment has been entered." *In re Stein*, 197 F.3d 421, 425 (9th Cir. 1999).  Rule 4(a)(6) requires that a motion to re-open a civil action be filed within 180 days of judgment or within seven (7) days of receipt of such notice, whichever deadline is earlier.  Fed. R. App. P. 4(a)(6). Since Rule 4(a)(6) delineates "a specific period during which the period for appeal may be reopened, ... district courts no longer have discretion to grant motions to reopen ... that are filed outside that specific period, even if the appellant does not receive notice until that period has expired." *In re Stein*, 197 F.3d at 425.

More than 180 days have passed since the court entered its order denying defendant's motion to vacate sentence on March 4, 2009.  The defendant did not file his motion to re-open case number 3:08-cv-0122-HDM until December 13, 2010.  Defendant failed to file an appeal during the specified period.  Therefore, defendant's motion to re-open (Docket # 144) is DENIED.

**IT IS SO ORDERED.**

DATED: This 20th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE

3